**Ronnie Edward BRYANT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–682CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1983.

Rehearing Denied Aug. 18, 1983.

Discretionary Review Refused
Jan. 18, 1984.

Anthony P. Griffin, Galveston, for appellant.

Mike J. Guarino, Miguel Martinez, Asst. Dist. Attys., Galveston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a felony conviction for attempted burglary of a habitation, enhanced by a prior felony conviction for burglary. Appellant entered a plea of not guilty. A jury found appellant guilty as charged in the indictment. The appellant stipulated to the truth of the prior conviction alleged in the indictment. The jury assessed his punishment at twenty years confinement in the Texas Department of Corrections. Appellant was sentenced and notice of appeal was given. Appellant alleges two grounds of error. We find no error; the judgment is affirmed.

The record reflects that on September 2, 1981, the complainant, John T. Siller, Jr., proceeded from his home to take his wife to work. He left at approximately ten minutes until eight, and returned anywhere from eight to ten minutes later. Upon returning home, the complainant noticed a cab next to his garage in the alley behind his home. He testified that he proceeded to the rear of the house and discovered someone prying on the window. When he went to the window to check, he discovered that the person creating the noise was a black man. After the appellant noticed the complainant, he froze, put his head down, ran, jumped the fence, and ran toward the alley.

The complainant gave his identification to the police stating that the person was black, wore a white t-shirt, possessed a dip in his Afro, and had a kind of round face. He further related, at the time of his identification, that he had told his daughter to call the police and tell them that there was a Busy Bee Cab in the alley. Based upon the complainant's identification, the appellant was arrested, confined, and charged for the offense.

■ In his first ground of alleged error, the appellant contends that the trial court erred by its limitations imposed on the testimony of witnesses Torres and Quintanilla on the issue of identification testimony. During the defendant's case in chief, the defendant offered the testimony of Gilbert Torres and Roy Quintanilla to speak to the issue of identification testimony. This testimony was not allowed before the jury. Both of these men are practicing attorneys in Galveston County and both are Mexican-Americans. The testimony reflects that they are oftentimes misidentified by individuals whom they know, work with, and do business with as being one or the other or as being a third attorney, Carlos Garza. The trial court, after the presentation of such identification testimony, excluded such testimony and disallowed it before the trier of fact, because it was not relevant.

The authorities cited by appellant lend no support to his theories for admissibility. The cited authorities merely establish that prior misidentifications of a particular defendant may be relevant in a specific case to show that a defendant has been incorrectly identified. The trial court did not err in rejecting the offered testimony. The fact that a Mexican-American attorney has been mistaken for two other Mexican-American attorneys, who may or may not resemble each other, is simply irrelevant. It has no probative value on the issue of whether the state's witness correctly identified the appellant. Appellant's first ground of error is overruled.

In his second ground of alleged error, the appellant asserts that the identification by the complainant Siller was tainted and should have been suppressed. Appellant's basic contention is that the witness' identification is based primarily on a suggestive pretrial confrontation. The key to determining admissibility of identification testimony is reliability. The complainant testified that he walked into his kitchen and observed the appellant from a distance of five to six feet while appellant was attempting to pry open a window. Daylight was very good; it was approximately eight o'clock in the morning, and the window screen was removed. This observation lasted about five to ten seconds. The complainant suspected foul play because of the empty Busy Bee Cab he saw parked next to his garage when he drove up to his house, and he expected to find someone inside his house. He testified that he concentrated on his appearance so that he could get a good description for himself and the police. The complainant gave the police a description of the clothing, length and style of hair, shape of the face, height, and race of the person he observed attempting to break into his house. Appellant does not contend that he did not possess, at the time of the arrest, the physical characteristics supplied by the complainant.

Furthermore, the confrontation occurred within minutes of the crime. The fact that the confrontation occurred within minutes greatly enhances the reliability of the identification. Appellant attempted to impede identification by making facial contortions. However, the complainant positively identified the appellant as the one he had observed attempting to burglarize his home minutes before. The trial court determined the identification reliable under the totality of the circumstances, and this court fails to see how it could have reached any other conclusion. Appellant's ground is overruled.

No reversible error has been shown; the judgment is affirmed.